UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOSTON RESTAURANT ASSOCIATES, INC., | **COMPLAINT** |
| Plaintiff, | |
| v. | CIVIL ACTION No. 1:17-cv-5557 |
| CAMILO LORITO and REGINA CAFÉ AND PIZZERIA, | |
| Defendants. | |

## INTRODUCTION

1.     Plaintiff Boston Restaurant Associates, Inc. (hereinafter, "Plaintiff" or "BRA") brings this complaint against Regina Café and Pizzeria and Camilo Lorito (hereinafter the "Defendants") to enjoin Defendants from infringing on BRA's federally registered U.S. trademarks for REGINA® in connection with restaurant services, to permanently enjoin Defendants from using the protected mark "Regina" as part of the company name, to transfer Defendants' infringing domain names to Plaintiff, and to obtain monetary relief from Defendants' wrongful conduct.

2.     BRA owns the well-known and well-regarded Pizzeria Regina restaurants and four federally registered U.S. trademarks incorporating the mark REGINA.  The REGINA family of trademarks ("the REGINA Marks") has been in existence and use for almost a century. As a result of BRA's substantial investments in promoting and marketing its brand nationwide, the REGINA Marks have strong name recognition and significant customer goodwill.

1

3. Defendants use the REGINA Marks to offer restaurant services that are in direct competition with the services offered by BRA's Pizzeria Regina restaurants.

4. Defendants' adoption and use of the "Regina" name infringes BRA's exclusive rights in the REGINA Marks under 15 U.S.C. § 1114 and constitutes unfair competition under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and N.Y. Gen Bus. Law §360-K.

5. BRA brings this action to enjoin and prevent the infringement of its valuable marks and to recover damages and costs that it has sustained as a result of BRA's infringement.

## PARTIES

6. Plaintiff Boston Restaurant Associates is a corporation organized and existing under the laws of Massachusetts, with its principal place of business at 999 Broadway, Suite 400, Saugus, MA 01906.

7. Defendant Regina Café and Pizzeria operates a restaurant called "Regina Café and Pizzeria" at 176-49 Union Turnpike, Brooklyn, NY 11366. According to the New York Department of State, the Defendants identified "Camilo Lorito 2957 Fulton St. Brooklyn, New York, 11207 and Camilo Lorito, Pres. 690 Anderson Ave., Franklin Square, New York, 11010" as addresses to which the Department of State will mail process if accepted on behalf of the entity.

8. Defendant Camilo Lorito is the CEO and President of Regina Pizza. Camilo Lorito resides at 690 Anderson Ave. Franklin Square, New York 11010.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over BRA's claims pursuant to the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and 28 U.S.C. § 1338 (a) and (b).

10. This Court has personal jurisdiction over Defendants because Defendants are

organized and conduct business within the State.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are located here, BRA's claims arose in substantial part in this District, and because this Court has personal jurisdiction over Defendants in this District.

## FACTS

### A. BRA and its Predecessors-in-Interest Use the REGINA Marks in Interstate Commerce to Identify Their Services.

12. For ninety years, BRA and its predecessors-in-interest have done business under the Pizzeria Regina name.

13. Since 1934, BRA and its predecessors-in-interest have been actively promoting itself and its services under the REGINA Marks throughout the United States. BRA has used these trademarks not only as the name of the restaurant, but also on advertisements, signage, marketing materials and on the Pizzeria Regina website, www.reginapizzeria.com.

14. BRA has made a substantial investment in marketing, advertising, and promoting the identification of its trademarks to its customers and the restaurant services industry.

### B. BRA Has Generated Significant Goodwill In Its Distinctive REGINA Marks.

15. Pizzeria Regina is a very successful restaurant chain with restaurants throughout the country.

16. The Regina family of trademarks have been in continuous existence and use for over ninety years and have enjoyed great success in the restaurant community.

17. Because of BRA's and its predecessors' continuous and exclusive use of the REGINA Marks in the restaurant services industry, the marks have come to mean, and are understood by customers and the public to signify, BRA's Pizzeria Regina and its services. Through its continuous use of the REGINA Marks in commerce, BRA has acquired a

3

tremendous amount of goodwill in the REGINA Marks.

  **C.**  **BRA Holds Federal Registrations for REGINA®.**

  18.  BRA currently holds four federally registered U.S. trademarks for REGINA as applied to restaurant services: No. 1,952,431 for REGINA, No. 3,469,760 for REGINA PIZZA, No. 3,777,145 for REGINA PIZZERIA and No. 1,210,976 for PIZZERIA REGINA.

  19.  The REGINA Marks and BRA's rights to them are incontestable under the Lanham Act, 15 U.S.C. § 1065.

  **D.**  **Defendants Have Infringed BRA's Rights in Its Distinctive REGINA Marks.**

  20.  Defendants' use of "Regina" as part of its company name, website domain names (including www.reginasnyc.com and www.reginacafepizza.com) and as a mark in connection with its operation of the "Regina Café & Pizzeria" infringes BRA's exclusive rights in the REGINA Marks.

  21.  Specifically, Defendants' use Regina Pizzeria on their signage:



  22.  By letter dated December 9, 2016, BRA informed Defendants of its infringement of the REGINA Marks.

**COUNT I**
**TRADEMARK INFRINGEMENT – Reg. No. 1,952,431**
**(Violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360(K))**

23. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

24. BRA holds Registered Trademark No. 1,952,431 for REGINA as applied to restaurant services, which registration was duly issued by the U.S. Patent and Trademark Office and is valid, subsisting, and enforceable. A true and correct copy of Registration No. 1,952,431 is attached as Exhibit 1.

25. Defendants have used, and continue to use, the REGINA name and mark in commerce as means to identify Defendants' restaurant services.

26. Defendants' use of REGINA infringes BRA's Registered Trademark No. 1,952,431 in violation of 15 U.S.C. § 1114. Defendants' infringement has caused and unless enjoined will continue to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of its goods and services with those of Pizzeria Regina, or as to the approval, sponsorship, or endorsement of Defendants products and services by BRA.

27. As a result of Defendants' wrongful conduct, BRA has suffered and will continue to suffer damages.

28. Defendants' conduct is causing BRA irreparable injury, for which BRA has no adequate remedy at law.

29. Defendants' infringement is willful.

## COUNT II
## TRADEMARK INFRINGEMENT – Reg. No. 3,469,760
(Violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360(K))

30. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

31. BRA holds Registered Trademark No. 3,469,760 for REGINA PIZZA as applied

5

to the restaurant services industry, which registration was duly issued by the U.S. Patent and Trademark Office and is valid, subsisting, and enforceable. A true and correct copy of Registration No. 3,469,760 is attached as Exhibit 2.

32. Defendants have used, and continue to use, the REGINA PIZZA name and mark in commerce as means to identify Defendants restaurant services.

33. Defendants' use of REGINA PIZZA infringes BRA's registered Trademark No. 3,469,760 in violation of 15 U.S.C. § 1114. Defendants' infringement has caused and unless enjoined will continue to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of its goods and services with those of BRA, or as to the approval, sponsorship, or endorsement of Defendants' products and services by BRA.

34. As a result of Defendants' wrongful conduct, BRA has suffered and will continue to suffer damages.

35. Defendants' conduct is causing BRA irreparable injury, for which BRA has no adequate remedy at law.

36. Defendants' infringement is willful.

## COUNT III
## TRADEMARK INFRINGEMENT – Reg. No. 3,777,145
### (Violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360(K))

37. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

38. BRA holds Registered Trademark No. 3,777,145 for REGINA PIZZERIA as applied to the restaurant services industry, which registration was duly issued by the U.S. Patent and Trademark Office and is valid, subsisting, and enforceable. A true and correct copy of Registration No. 3,777,145 is attached as Exhibit 3.

39. Defendants have used, and continue to use, the REGINA PIZZERIA name and mark in commerce as means to identify Defendants' restaurant services.

40. Defendants' use of REGINA PIZZERIA infringes BRA's Registered Trademark No. 3,377,145 in violation of 15 U.S.C. § 1114. Defendants' infringement has caused and unless enjoined will continue to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of its goods and services with those of BRA, or as to the approval, sponsorship, or endorsement of Defendants' products and services by BRA.

41. As a result of Defendants' wrongful conduct, BRA has suffered and will continue to suffer damages.

42. Defendants' conduct is causing BRA irreparable injury, for which Defendants has no adequate remedy at law.

43. Defendants' infringement is willful.

## COUNT IV
## TRADEMARK INFRINGEMENT – Reg. No. 1,210,976
**(Violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360(K))**

44. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

45. BRA holds Registered Trademark No. 1,210,976 for PIZZERIA REGINA as applied to restaurant services, which registration was duly issued by the U.S. Patent and Trademark Office and is valid, subsisting, and enforceable. A true and correct copy of Registration No. 1,210,976 is attached as Exhibit 4.

46. Defendants have used, and continue to use, the PIZZERIA REGINA name and mark in commerce as means to identify Defendants' restaurant services.

47. Defendants' use of PIZZERIA REGINA infringes BRA's Registered Trademark

No. 1,210,976 in violation of 15 U.S.C. § 1114. BRA's infringement has caused and unless enjoined will continue to cause confusion, mistake or deception as to the source, affiliation, connection, or association of its goods and services with those of BRA, or as to the approval, sponsorship, or endorsement of Defendants' products and services by BRA.

48. As a result of Defendants' wrongful conduct, BRA has suffered and will continue to suffer damages.

49. Defendants' conduct is causing BRA irreparable injury, for which BRA has no adequate remedy at law.

50. Defendants' infringement is willful.

## COUNT V
## FALSE DESIGNATION OF ORIGIN
### (Violation of 15 U.S.C. § 1125(a))

51. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

52. Defendant has wrongfully used marks such as "Regina's Pizzeria" and "Regina Café Pizzeria" which are identical or confusingly similar to BRA's REGINA mark.

53. BRA uses REGINA to identify, advertise, promote, publicize and market its restaurant services.

54. Defendant has used and continues to use its infringing mark willfully, with actual knowledge of BRA's rights.

55. Defendant's conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (b), because it creates confusion, mistake, and deception, by causing consumers and other market participants to believe that Defendant is associated with BRA.

56. Defendant's wrongful conduct is willful.

57. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

58. Further, Defendant's use of "Regina's Pizzeria" and "Regina Café Pizzeria" erodes the distinctiveness of BRA mark and the goodwill associated with the trademark.

59. Defendant's wrongful conduct is causing BRA irreparable injury and unjustly enriches Defendant.

## COUNT VI
## FALSE DESIGNATION OF ORIGIN
**(Violation of 15 U.S.C. § 1125(a))**

60. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

61. Defendant has wrongfully used marks such as "Regina's Pizzeria" and "Regina Café Pizzeria" which are identical or confusingly similar to BRA's REGINA PIZZA mark.

62. BRA uses "Regina's Pizzeria" and "Regina Café Pizzeria" to identify, advertise, promote, publicize and market its restaurant services.

63. Defendant has used and continues to use its infringing mark willfully, with actual knowledge of BRA's rights.

64. Defendant's conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (b), because it creates confusion, mistake, and deception, by causing consumers and other market participants to believe that Defendant is associated with BRA.

65. Defendant's wrongful conduct is willful.

66. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

67. Further, Defendant's use of "Regina's Pizzeria" and "Regina Café Pizzeria" erodes the distinctiveness of BRA mark and the goodwill associated with the trademark.

68. Defendant's wrongful conduct is causing BRA irreparable injury and unjustly

enriches Defendant.

## COUNT VII
## FALSE DESIGNATION OF ORIGIN
(Violation of 15 U.S.C. § 1125(a))

69. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

70. Defendant has wrongfully used marks such as "Regina's Pizzeria" and "Regina Café Pizzeria" which are identical or confusingly similar to BRA's REGINA PIZZERIA mark.

71. BRA uses "Regina's Pizzeria" and "Regina Café Pizzeria" to identify, advertise, promote, publicize and market its restaurant services.

72. Defendant has used and continues to use its infringing mark willfully, with actual knowledge of BRA's rights.

73. Defendant's conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (b), because it creates confusion, mistake, and deception, by causing consumers and other market participants to believe that Defendant is associated with BRA.

74. Defendant's wrongful conduct is willful.

75. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

76. Further, Defendant's use of "Regina's Pizzeria" and "Regina Café Pizzeria" erodes the distinctiveness of BRA mark and the goodwill associated with the trademark.

77. Defendant's wrongful conduct is causing BRA irreparable injury and unjustly enriches Defendant.

## COUNT VIII
## FALSE DESIGNATION OF ORIGIN
(Violation of 15 U.S.C. § 1125(a))

78. BRA repeats, realleges, and incorporates by reference each of the foregoing

allegations as if set forth fully herein.

79. Defendant has wrongfully used marks such as "Regina's Pizzeria" and "Regina Café Pizzeria" which are identical or confusingly similar to BRA's PIZZERIA REGINA mark.

80. BRA uses "Regina's Pizzeria" and "Regina Café Pizzeria" to identify, advertise, promote, publicize and market its restaurant services.

81. Defendant has used and continues to use its infringing mark willfully, with actual knowledge of BRA's rights.

82. Defendant's conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (b), because it creates confusion, mistake, and deception, by causing consumers and other market participants to believe that Defendant is associated with BRA.

83. Defendant's wrongful conduct is willful.

84. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

85. Further, Defendant's use of "Regina's Pizzeria" and "Regina Café Pizzeria" erodes the distinctiveness of BRA mark and the goodwill associated with the trademark.

86. Defendant's wrongful conduct is causing BRA irreparable injury and unjustly enriches Defendant

**COUNT IX
CYBERSQUATTING
(Violation of 15 U.S.C. § 1125(d))**

87. BRA repeats, realleges, and incorporates by reference each of the foregoing allegations as if set forth fully herein.

88. Defendants' unauthorized use of the REGINA Marks including, without limitation, in the use of the domain names, www.reginasnyc.com and www.reginacafepizza.com (collectively, the "Domain Names") is likely to cause confusion, mistake, or deception with

11

regard to the origin of Defendants' goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendants to provide the same goods/services, or in some way Defendants are connected to or affiliated with Plaintiff, when they are not.

89. This is particularly true since the Domain Name consists of and/or incorporates the REGINA Marks, and is nearly identical and confusingly similar to Plaintiff's distinctive REGINA Marks.

90. Upon information and belief, Defendants is using the said Domain Name with bad faith intent to profit from Plaintiff's distinctive REGINA Marks.

91. Upon information and belief, Defendants uses and continues to use the Domain Name in bad faith, after Defendants has had notice of Plaintiff's federally registered REGINA Marks. Defendants lack any rights and do not have any legitimate interest in and to the infringing marks.

92. As a result of Defendants' wrongful conduct, BRA suffered and will continue to suffer damages.

93. Defendants' conduct is causing BRA irreparable injury, for which BRA has no adequate remedy at law.

## **PRAYERS FOR RELIEF**

WHEREFORE, BRA hereby requests that this court:

a) Enter judgment in favor of BRA and against Defendants on all counts, in an amount to be determined at trial.

b) Enter an order preliminarily and permanently enjoining and restraining Defendants, its respective officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated and/or related companies, attorneys and all persons in active concert and/or participation with Defendants from the following:

  (i) Infringing BRA's REGINA Marks;

  (ii) Using the mark or name "REGINA" or any confusingly similar mark, name, or colorable imitation thereof, to promote, market, advertise, or sell Defendants' products or services, or otherwise in connection with Defendants' conduct of business in such a way as to mislead or confuse anyone as to the source, affiliation or sponsorship of such business;

  (iii) Otherwise infringing or diluting the distinctive quality of the REGINA Marks;

  (iv) Injuring BRA's business reputation and goodwill, and from otherwise unfairly competing, directly or indirectly, with Pizzeria Regina, its affiliates or subsidiaries; and

  (v) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation or approval with or by BRA, or engaging in conduct tending to create a false commercial impression of Defendants' goods or services, or any other conduct that tends to pass off Defendants' goods or services as those of Pizzeria Regina or creates a likelihood of confusion or misunderstanding or false representation.

c) Direct Defendants to file in Court and to serve on Pizzeria Regina, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

d) Direct Defendants to transfer the Domain Names it uses to BRA.

e) Require Defendants to account for and pay over to Pizzeria Regina all actual damages that it has suffered; all gains, profits and advantages derived by Defendants from its infringement of the REGINA Marks, and any such damages as to the Court shall appear proper within the provisions of the Lanham Act.

f) Order Defendants to pay interest, costs and reasonable attorneys' fees to BRA.

g) Grant BRA such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues so triable.

        Respectfully submitted,

        /s/ Peter Lambrianakos

        Peter Lambrianakos (PL5075)
        plambrianakos@brownrudnick.com
        Brown Rudnick LLP
        7 Times Square
        New York, NY 10036
        Phone: 212-209-4800
        Fax: 212-938-2981

        Mark S. Leonardo (*to be admitted pro hac vice*)
        mleonardo@brownrudnick.com
        Brown Rudnick LLP
        One Financial Center
        Boston, MA 02111
        Phone: 617-856-8200
        Fax: 617-856-8201

Dated: September 21, 2017